(Law Library)

FILED
SUPERIOR COURT
OF GUAM

2012 SEP 17 AM 8: 21

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM, POWER, INC., general partner on behalf of GUAM RESOURCE RECOVERY PARTNERS, <br><br> Petitioner, <br><br> vs. <br><br><br> LORILEE T. CRISOSTOMO in her capacity as Administrator of the GUAM ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | SPECIAL PROCEEDINGS CASE NO. SP0248-09 <br><br><br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter came before the HONORABLE VERNON P. PEREZ on January 27, 2012. Attorney Arthur Clark appeared representing Petitioner Guam Resource Recovery Partners (hereinafter "GRRP" or "Petitioner"). Assistant Attorney General Benjamin Abrams appeared representing Respondent Crisostomo. Having reviewed the pleadings and the arguments presented, the Court now issues the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2. The Government of Guam sought to build and operate a new municipal solid waste landfill (hereinafter "MSWLF") in the area of Guam known as Layon, Dandan, Inarajan. The project will be referred to as the Layon landfill. GRRP also seeks to build and operate a MSWLF on Guam and maintains a permit application with Guam EPA.

3. On August 7, 2009, Guam EPA published notice of the Layon landfill.

4. On September 21, 2009, GRRP filed a written objection to the pending Layon landfill permit and requested a hearing. *See* Declaration of Janalynn C. Damian Ex. B.

5. On October 26, 2009 GRRP filed a statement of issues with Guam EPA. *See Id.* Ex. D.

6. On December 4, 2009, a hearing was held to address the objections at a public meeting. Notice of the hearing was published November 3, 2009, November 26, 2009 and December 2, 2009. *See* Respondent's Objection Ex. D. The meeting was opened and no one came forward in a timely fashion to comment after the moderator asked for comments. *See Id.* Ex. D.

7. On December 11, 2009, GRRP filed a Petition for Writ of Mandate. As a part of the petition, GRRP requested a meeting to state its objections to the Layon landfill. That public meeting was held on March 12, 2010. At the hearing, Assistant Attorney General Patrick Mason asked for any objections to be stated. Again, the hearing closed with no comments by GRRP. *Id.* Ex. E.

## CONCLUSIONS OF LAW

8. **Standard**

A writ of mandamus may be issued to compel the performance of an act that the law specially enjoins. 7 GCA § 31202 (2005). The Petitioner has the burden of showing that a writ should issue. *People v. Super. Ct. (Bruneman)*, 1998 Guam 24 ¶ 3. A writ of mandamus may be granted where there is not a plain, speedy, and adequate remedy in the ordinary course of law and it must be issued on the verified petition of a beneficially interested party. 7 GCA § 31203 (2005). A beneficially interested party is a person that has a special interest to be served or some particular right to preserve or protect over and above the interest held in common with the public at large. *Sorenson Television Systems, Inc. v. Super. Ct.*, 2006 Guam 21 ¶ 12. Mandamus will not be granted where the petitioner has failed to pursue the administrative remedies available to it. *Limitiaco v. Guam*

*Fire Dept.* 2007 Guam 10 ¶ 27. Mandamus is appropriate only where there is a "clear, present and ministerial duty to act." *Holmes v. Territorial Land Use Comm'n,* 1998 Guam 8 ¶ 11. The issuance of a writ of mandamus is an extraordinary remedy employed in extreme situations. *A.B. Won Pat Guam Int'l Airport Auth. v. Moylan,* 2005 Guam 5 ¶ 10.

9. Under 7 GCA § 31204, this Court may issue a writ that is either alternative or peremptory. Under the facts of this case and arguments put forth by Respondent the Court finds that §31204 allows this Court to issue an alternative writ. "The alternative writ must command the party to whom it is directed, immediately after the receipt of the writ, or at some other specified time, to do the act required to be performed or to show cause before the court at a specified time and place why he has not done so." 7 GCA § 31204 (2010). The Court concludes that the appropriate writ here would be an alternative writ if it should issue.

10. **Speedy and Adequate Remedy at Law**

The Court concludes that Petitioner does not have a plain, speedy and adequate remedy at law available and that a mandate is the appropriate avenue to challenge an illegally issued license. The Court agrees with Petitioner on this issue.

11. **Beneficially Interested Party**

This Court agrees with Petitioner that a "substantially affected party" must maintain an interest greater than that possessed by the general public. Here, Petitioner argues that it is substantially affected because it has an Amended License Agreement that will be repudiated with the completion of the Layon landfill. The Court understands that competition may draw away income from a business, but the Court does not find that Petitioner will lose its license agreement with the Government of Guam because the Layon landfill is made. Yet, the interest in developing one or more privatized sanitary landfills applies to all the general public and not alone to the Petitioner. The issuance of the Layon landfill permit and its inevitable completion does not foreclose the Petitioner

from opening a private landfill.[1] Therefore, this Court finds that the Petitioner does not maintain an interest greater than that possessed by the public generally and is therefore not a beneficially affected party. If the Petitioner did make a proper objection, it would still only be entitled to an informal public hearing under 10 GCA § 51104(d)(2).

12. **Discretion**

As a general rule, mandamus will not issue to compel the exercise of discretion in a particular manner. *Limtiaco* (2007) Guam 10 ¶ 10. However, "where the exercise of discretion, or the failure to exercise such discretion is so fraudulent, arbitrary, or palpably unreasonable that it constitutes an abuse of discretion as a matter of law," mandamus is appropriate. *Id.* ¶ 12. This Court must consider whether Respondent's acts are ministerial or discretionary. If the acts are ministerial mandamus may issue if the Petitioner can show that they have a clear legal right to the performance of the act the writ would compel. *Id.* ¶ 12. If the acts are discretionary, mandamus will not issue unless the Respondent abused their discretion as a matter of law. The Court concludes that Respondent's actions are ministerial.

13. The Court concludes that the Petitioner correctly points out that case law also supports a writ of mandate being the adequate remedy at law in this matter.

14. **Respondent Satisfied Requirements Before Issuing Permit**

Guam EPA published notice of the Layon landfill August 7, 2009 and the Petitioner had until September 25, 2009 to file a request for hearing. On September 21, 2009, Petitioner filed a written objection to the pending Layon landfill permit and requested a hearing. *See* Declaration of Janalynn C. Damian Ex. B. However, that objection failed to state the issues to be raised at hearing.

---

[1] Clearly, SWDRR § 23104 promotes the idea that Guam may maintain multiple solid waste landfills as evidenced by the language "All permitted solid waste management facilities shall be operated in accordance with the provisions of Chapter 51 of Title 10, Guam Code Annotated, and this Chapter. Thus, Petitioner may still obtain a permit for a landfill unrelated to the Layon landfill even if the Layon landfill is in operation as long as Petitioner satisfies the requirements of 10 GCA Ch. 51 and SWDRR Ch. 23.

SWDRR § 23104(c)(4)(A) provides that "a request for hearing shall be in writing and shall **state the nature of the issues** proposed to be raised in the hearing and the basis for being the proper party to request a hearing." *See* Title 22 of the Guam Administrative Rules and Regulations Chapter 23. Respondent advised the Petitioner to submit a statement of issues after receiving the written objection to the Layon landfill. Petitioner did not file a statement of issues with Guam EPA until October 26, 2009. *See Id.* Ex. D. Both of the submissions by the Petitioner failed.[2] Petitioner claims that the deadline to file a proper objection should have been extended after the Respondent published revisions to the notice on September 21, 2009. The Court is not convinced that the revisions required an additional 45 days as they did not sufficiently broaden the scope of the notice. Respondent provided notice of its intent to issue a permit to build the Layon landfill and the Petitioner failed to comply with the appropriate statues to make a proper objection.

15. Even so, the Respondent went as far as to grant the Petitioner an opportunity to convince the Respondent to recall the permit they issued at an informal public hearing held on December 4, 2009.[3] Petitioner did not make a timely appearance at the hearing and the hearing was closed without any comment objecting to the Layon landfill. Respondent held a second informal public hearing on March 12, 2012 which also closed without any comment made by the Petitioner objecting to the Layon landfill. Furthermore, the hearing that was given to Petitioner was proper as Petitioner is not a beneficially interested party even though unnecessary as Petitioner was untimely with its statement of issues. The Respondent did, however, issue the permit for Layon landfill on November 23, 2009 which was before the December 4, 2009 hearing. Respondent failed to hear Petitioner's objections and

---

[2] The September 21, 2009 written objection failed for not stating the issues to be presented and the October 26, 2009 statement of issues submitted by the Petitioner failed as untimely.

[3] Respondent issued the permit after no *valid* objection came within 45 days of the August 7, 2009 posting.

comments before issuing the permit. Yet again, the Respondent did this lawfully as it had no obligation to consider the written objections filed by the Petitioner as the September 21, 2009 written objection failed for not stating the issues to be presented and the October 26, 2009 statement of issue submitted by the Petitioner failed as untimely.

16. **Federal Oversight**

The Government of Guam, through GEPA, was required to close the Ordot dump and due to the needs of the island of Guam a new landfill needed to be built expeditiously. The Court recognizes the Consent Decree entered on February 11, 2004 in *United States v. Government of Guam*, Civil Case No. 02-00022 which provides federal oversight during the process of selection for a new landfill replacing the Ordot dump. The Government of Guam merely complied with the Consent Decree while fulfilling the requirements for the permit process.

17. The Court now finds that the requested writ of mandate shall not issue. The Court finds that the Respondent complied with all legal requirements before issuing the permit to build the Layon landfill. Respondent provided adequate notice and held two informal public hearings to deal with any objections even when the hearings were not necessary having not received a timely written objection containing a statement of issues. Furthermore, Petitioner failed to comply with the proper procedures that would avail itself to a remedy through mandate when filing a late statement of issues and not appearing at either public hearing.[4] Petitioner has no clear right to the performance that it requests.

So **ORDERED** this ___ day of September, 2012.

SEP 17 2012

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña, Guam

SEP 17 2012
20
*Jacqueline S.C. Terlaje*
Deputy Clerk, Superior Court of Guam

Original Signed By:
HON. VERNON P. PEREZ

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

[4] The Court is aware that Petitioner claims to have appeared at the first public hearing, yet the Court has reviewed the transcripts of the hearing and no person made any statement on behalf of the Petitioner at the hearing.